**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HARRISON DIVISION**

| | | |
|---|---|---|
| TAMARA KNIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:21-CV-3003 |
| v. | ) | |
| | ) | Hon. Judge Brooks |
| BAXTER HEALTHCARE CORP., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL OF**
**DEFENDANT BAXTER HEALTHCARE CORP.**
**TO PLAINTIFF KNIGHT'S COMPLAINT**

Defendant Baxter Healthcare Corp. ("Baxter"), by and through their counsel, respectfully respond to the allegations set forth in the Complaint, ECF No. 1, (the "Complaint") of Plaintiff Tamara Knight ("Plaintiff"), as follows.

**PRELIMINARY STATEMENT**

The following matters are incorporated by reference into Baxter's response to each paragraph of the Complaint.

- Unless expressly stated otherwise, Baxter expressly denies each and every allegation contained in the Complaint, including without limitation any allegations contained in the preamble, unnumbered paragraphs, headings, subheadings, tables, and graphics.

- The Complaint lacks a paragraph numbered 33. Baxter has maintained the paragraph numeration given in the Complaint.

- The Complaint references purported documents, third-party publications and statements that have often been excerpted, paraphrased, characterized, and otherwise taken out of context. Baxter respectfully refers the Court to those materials for their accurate and complete contents.

- Baxter specifically denies any liability to Plaintiff, all allegations of wrongdoing, and that Plaintiff is entitled to any relief.

- Baxter reserves its right to amend and supplement its Answer as may be appropriate or necessary.

As to the Complaint's specific allegations, Baxter states as follows:

## ANSWER TO THE COMPLAINT

### INTRODUCTION[1]

1.  Baxter admits that it manufactures medical products at its facility in Mountain Home, Arkansas.  Baxter further admits that it uses ethylene oxide ("EtO") to sterilize the products it manufactures at its Mountain Home facility, and Baxter is permitted by state and federal regulators to release EtO into the atmosphere as part of that process.  To the extent a further response is required, Baxter denies the remaining allegations in Paragraph 1.

2.  Baxter admits that the International Agency for Research on Cancer ("IARC") listed ethylene oxide as a Group 1 human carcinogen in 1994.  To the extent Paragraph 2 purports to describe the findings of scientific research and studies, Baxter refers the Court to those studies and denies Plaintiff's characterization of those studies.  Plaintiff's allegations are simplified and incomplete characterizations of complex scientific and medical matters that should be considered with full and appropriate context.  The allegations will also be the subject of expert testimony. Baxter denies the remaining allegations in Paragraph 2.

3.  To the extent the allegations in Paragraph 3 refer to the publicly available emissions estimates that Baxter reported to the United States Environmental Protection Agency ("EPA"), Baxter refers the Court to those estimates, which speak for themselves.  Baxter admits that it

---

[1]   This Answer uses the headings from the Complaint for the Court's convenience, and should not create an inference that Baxter has admitted any facts or characterizations that may be inferred from Plaintiff's headings.

reports estimates for stack or point air emissions as well as fugitive or non-point air emissions. Baxter denies the remaining allegations in Paragraph 3.

4.  Baxter denies the allegations in the first and third sentence in Paragraph 4 to the extent they allege a connection between Plaintiff's or any individual's medical conditions and exposure to EtO from Baxter's facility.  Baxter lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 4, and therefore denies those allegations on that basis.

## PARTIES

5.  Baxter lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 5, and therefore denies those allegations on that basis.

6.  Admitted.

## JURISDICTION AND VENUE

7.  Paragraph 7 states legal conclusions to which no response is required.  To the extent a response is required, Baxter lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 7, and therefore denies those allegations on that basis.

8.  Paragraph 8 states legal conclusions to which no response is required.  To the extent a response is required, Baxter admits that the United States District Court for the Western District of Arkansas has personal jurisdiction over Baxter regarding the allegations stated in the Complaint, and denies the remaining allegations in Paragraph 8.

9.  Paragraph 9 states legal conclusions to which no response is required.  To the extent a response is required, Baxter admits that the United States District Court for the Western District of Arkansas is a proper venue for the allegations stated in the Complaint and Baxter operates its Mountain Home, Arkansas facility in this District.  Baxter denies the remaining allegations in Paragraph 9.

## FACTUAL ALLEGATIONS

**I.     Brief Overview of the Ethylene Oxide Industry**

10.   Baxter admits that EtO is a flammable gas at room temperature and has commercial uses, including (1) to produce chemicals used in various consumer and industrial products and (2) to sterilize devices, such as medical and dental equipment.   Baxter denies the remaining allegations in Paragraph 10.

11.   Baxter admits more than 20 billion medical devices sold in the United States every year are sterilized with EtO.   Baxter admits that the medical device sterilization process can include placing medical devices into a specialized chamber, exposing those devices to EtO in that chamber, and removing the EtO from that chamber after use through one or multiple emissions control systems.   Baxter denies that the allegations in Paragraph 11 describe the only way to sterilize medical devices using EtO, or that Paragraph 11's allegations are a complete description of the sterilization process that Baxter uses at its Mountain Home facility.   To the extent a further response is required, Baxter denies the remaining allegations in Paragraph 11.

12.   Baxter admits that it has used EtO to sterilize medical devices at its Mountain Home facility since 1978, and Baxter continues to use EtO to sterilize its products.   To the extent a further response is required, Baxter denies the remaining allegations in Paragraph 12.

13.   Baxter admits that it uses EtO to sterilize the products it manufactures at its Mountain Home facility, and Baxter is permitted by state and federal regulators to release EtO into the atmosphere as part of that process.   To the extent a further response is required, Baxter denies the remaining allegations in Paragraph 13.

14.   Baxter denies the allegations in Paragraph 14.

## II.      Health Effects of Ethylene Oxide Exposure

15.   To the extent Paragraph 15 purports to describe the findings of scientific research and studies, Baxter refers the Court to those studies and denies Plaintiff's characterization of those studies.   Plaintiff's allegations are simplified and incomplete characterizations of complex scientific and medical matters that should be considered with full and appropriate context.   The allegations will also be the subject of expert testimony.   To the extent a further response is required, Baxter admits that EtO is a highly reactive compound and must be handled with care.   Baxter denies the remaining allegations in Paragraph 15.

16.   Baxter admits that in August 1977, the National Institute of Occupational Safety and Health ("NIOSH") issued a report about occupational exposure to EtO, which speaks for itself.   To the extent Paragraph 16 purports to describe NIOSH's findings, Baxter refers the Court to that report and denies Plaintiff's characterization of that report.   Plaintiff's allegations are simplified and incomplete characterizations of complex scientific and medical matters that should be considered with full and appropriate context.   The allegations will also be the subject of expert testimony.   To the extent a further response is required, Baxter denies the remaining allegations in Paragraph 16.

17.   Baxter admits that in 1981, NIOSH issued a subsequent report about occupational exposure to EtO, which speaks for itself.   To the extent Paragraph 17 purports to describe NIOSH's findings, Baxter refers the Court to that report and denies Plaintiff's characterization of that report.   Plaintiff's allegations are simplified and incomplete characterizations of complex scientific and medical matters that should be considered with full and appropriate context.   The allegations will also be the subject of expert testimony.   To the extent a further response is required, Baxter denies the remaining allegations in Paragraph 17.

18.   Baxter admits that in 1985, the U.S. Department of Health and Human Services issued the Fourth Annual Report on Carcinogens, which speaks for itself.  To the extent Paragraph 18 purports to describe U.S. Department of Health and Human Services' report, Baxter refers the Court to that report and denies Plaintiff's characterization of that report.  Plaintiff's allegations are simplified and incomplete characterizations of complex scientific and medical matters that should be considered with full and appropriate context.  The allegations will also be the subject of expert testimony.  To the extent a further response is required, Baxter denies the remaining allegations in Paragraph 18.

19.   Baxter admits that NIOSH published a study in 1991 involving workers in industries using EtO, which speaks for itself.  To the extent Paragraph 19 purports to describe the NIOSH study, Baxter refers the Court to that study and denies Plaintiff's characterization of that study.  Plaintiff's allegations are simplified and incomplete characterizations of complex scientific and medical matters that should be considered with full and appropriate context.  The allegations will also be the subject of expert testimony.  To the extent a further response is required, Baxter denies the remaining allegations in Paragraph 19.

20.   Baxter admits that IARC is part of the World Health Organization and issued a report regarding EtO in 1994, which speaks for itself.  Baxter further admits that the U.S. Department of Health and Human Services issued a report regarding EtO in 2000, which speaks for itself.  Baxter further admits that EPA's Integrated Risk information System ("IRIS") issued a report regarding EtO in 2016, which speaks for itself.  To the extent Paragraph 20 purports to describe the findings of scientific research and studies, Baxter refers the Court to those studies and denies Plaintiff's characterization of those studies.   Plaintiff's allegations are simplified and incomplete characterizations of complex scientific and medical matters that should be considered with full and

appropriate context.  The allegations will also be the subject of expert testimony.  To the extent a further response is required, Baxter denies the remaining allegations in Paragraph 20.

21.  Baxter admits that EtO and any related health impacts have been studied.  To the extent Paragraph 21 purports to describe the findings of scientific research and studies, Baxter refers the Court to those studies and denies Plaintiff's characterization of those studies.  Plaintiff's allegations are simplified and incomplete characterizations of complex scientific and medical matters that should be considered with full and appropriate context.  The allegations will also be the subject of expert testimony.  To the extent a further response is required, Baxter denies the remaining allegations in Paragraph 21.

22.  Baxter admits that the Illinois Department of Public Health published an assessment of cancer incidences in Willowbrook, Illinois in March of 2019, which speaks for itself.  To the extent Paragraph 22 purports to describe the conclusions of that assessment, Baxter refers the Court to that assessment and denies Plaintiff's characterization of it.  Plaintiff's allegations are simplified and incomplete characterizations of complex scientific and medical matters that should be considered with full and appropriate context.  The allegations will also be the subject of expert testimony.  Baxter lacks knowledge or information sufficient to form a belief as to the allegations concerning Sterigenics's use and emission of EtO.  To the extent a further response is required, Baxter denies the remaining allegations in Paragraph 22.

23.  Paragraph 23 purports to quote from and/or cite to an external source, which speaks for itself and does not require a response.  To the extent a response is required, Baxter denies that the quotation appears verbatim as presented in Paragraph 23 on the EPA's website.  To the extent Paragraph 23 purports to describe the findings of scientific research and studies, Baxter refers the Court to those studies and denies Plaintiff's characterization of those studies.  Plaintiff's

allegations are simplified and incomplete characterizations of complex scientific and medical matters that should be considered with full and appropriate context.  The allegations will also be the subject of expert testimony.  To the extent a further response is required, Baxter denies the remaining allegations in Paragraph 23.

### III.   Baxter Emits Harmful Ethylene Oxide

#### a.   The U.S. EPA Estimates High Risks of Cancer in Mountain Home

24.  Baxter admits that on August 22, 2018, the EPA released the 2014 National Air Toxics Assessment ("NATA"), which purports to estimate cancer risks based on emissions data.  Baxter further admits that EPA describes NATA as a "screening tool" and the 2014 data lists 76,727 census districts.  To the extent Paragraph 24 purports to describe the 2014 NATA's conclusions or methodology, Baxter refers the Court to the NATA assessment itself and denies Plaintiff's characterization of that assessment.   Plaintiff's allegations are simplified and incomplete characterizations of complex scientific and medical matters that should be considered with full and appropriate context.  The allegations will also be the subject of expert testimony.  To the extent a further response is required, Baxter denies the remaining allegations in Paragraph 24.

25.  Baxter admits the 2014 NATA assessment purported to estimate potential cancer risks from all air toxics combined, not just EtO, with certain census tracts, and the total risk number associated with Tract ID 05005950300 is 84.  The NATA assessment speaks for itself.  To the extent Paragraph 25 purports to describe the 2014 NATA's conclusions or methodology, Baxter refers the Court to the NATA assessment itself and denies Plaintiff's characterization of that assessment.  Plaintiff's allegations are simplified and incomplete characterizations of complex scientific and medical matters that should be considered with full and appropriate context.  The allegations will also be the subject of expert testimony.  To the extent a further response is required, Baxter denies the remaining allegations in Paragraph 25.

26.   Paragraph 26 purports to quote from and/or cite to an external source, which speaks for itself and does not require a response.   To the extent Paragraph 26 purports to describe the findings of scientific research and studies, Baxter refers the Court to those studies and denies Plaintiff's characterization of those studies.   Plaintiff's allegations are simplified and incomplete characterizations of complex scientific and medical matters that should be considered with full and appropriate context.   The allegations will also be the subject of expert testimony.   To the extent a further response is required, Baxter lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 26, and therefore denies those allegations on that basis.

27.   To the extent Paragraph 27 purports to describe the 2014 NATA's conclusions, Baxter refers the Court to the NATA assessment itself and denies Plaintiff's characterization of that assessment.   To the extent Paragraph 27 purports to describe the findings of other scientific research and studies, Baxter refers the Court to those studies and denies Plaintiff's characterization of those studies.   Plaintiff's allegations are simplified and incomplete characterizations of complex scientific and medical matters that should be considered with full and appropriate context.   The allegations will also be the subject of expert testimony.   To the extent a further response is required, Baxter denies the allegations in Paragraph 27.

**b.      The U.S. EPA's Cancer Risks are Understated**

28.   To the extent Paragraph 28 purports to describe the 2014 NATA's conclusions, Baxter refers the Court to the NATA assessment itself and denies Plaintiff's characterization of that assessment.   Baxter denies the remaining allegations in Paragraph 28.

29.   Baxter admits that NATA suffers from several shortcomings, and EPA describes NATA as a "screening tool."   To the extent Paragraph 29 purports to describe the 2014 NATA's methodology, Baxter refers the Court to the NATA assessment itself and denies Plaintiff's characterization of that assessment.   Plaintiff's allegations are simplified and incomplete

9

characterizations of complex scientific and medical matters that should be considered with full and appropriate context.  The allegations will also be the subject of expert testimony.  To the extent a further response is required, Baxter denies the allegations in Paragraph 29.

30.  To the extent the first sentence of Paragraph 30 purports to describe the 2014 NATA's methodology, Baxter refers the Court to the NATA assessment itself and denies Plaintiff's characterization of that assessment.  To the extent a further response is required, Baxter lacks knowledge or information sufficient to form a belief as to the allegations in first sentence of Paragraph 30.  Baxter further admits that its EtO emissions have varied over time, and refers the Court to the publicly available emissions estimates that Baxter reported to the EPA, which speak for themselves.  To the extent a further response is required, Baxter denies the remaining allegations in Paragraph 30.

31.  Baxter admits that EPA maintains a Toxics Release Inventory ("TRI") and the TRI contains annual self-reported emissions data from facilities with reporting obligations under EPA regulations.  To the extent a further response is required, Baxter denies the remaining allegations in Paragraph 31.

32.  Paragraph 32 and the accompanying charts purports to quote from and/or cite to an external source, which speaks for itself and does not require a response.  Baxter refers the Court to the publicly available TRI emissions estimates that Baxter reported to the EPA, which speak for themselves, and denies Plaintiff's characterization of these estimates.  Baxter denies that the charts that follow Paragraph 32 accurately represent Baxter's reported emissions because they contain typographical errors.  To the extent a further response is required, Baxter denies the remaining allegations in Paragraph 32.

34.[2]  Paragraph 34 purports to quote from and/or cite to an external source, which speaks for itself and does not require a response.  Baxter refers the Court to the publicly available TRI emissions estimates that Baxter reported to the EPA, which speak for themselves, and denies Plaintiff's characterization of these estimates.  Many of the allegations in Paragraph 34 are inconsistent with the amounts represented in the charts that follow Paragraph 32.  To the extent a further response is required, Baxter denies the remaining allegations in Paragraph 34.

35.  Baxter admits that it estimates fugitive emissions as part of its emissions reporting to EPA, and that those estimates are contained in EPA's publically available TRI data.  Baxter refers the Court to the publicly available TRI emissions estimates that Baxter reported to the EPA, which speak for themselves, and denies Plaintiff's characterization of these estimates.  Baxter denies the remaining allegations in Paragraph 35.

36.  Paragraph 36 purports to quote from and/or cite to an external source, which speaks for itself and does not require a response.  To the extent a response is required, Baxter admits that Lauren Russ is employed by Baxter, Baxter submitted admissions exceedance reports to the Arkansas Division of Environmental Quality for testing conducted at the Mountain Home facility in 2020, and temporarily suspended operations in connection with those exceedances.  To the extent a further response is required, Baxter denies the remaining allegations in Paragraph 36.

**FACTS SPECIFIC TO PLAINTIFF KNIGHT**

37.  Baxter lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 37, and therefore denies those allegations on that basis.

---

[2]  There is no paragraph numbered 33 in the Complaint.  Baxter's Answer maintains the numeration in the Complaint and continues with Paragraph 34.

38.  Baxter lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 38, and therefore denies those allegations on that basis.

39.  Baxter lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 39, and therefore denies those allegations on that basis.

40.  Baxter lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 40, and therefore denies those allegations on that basis.

**COUNT I**
**Negligence**
**(On Behalf of Plaintiff and Against Defendant Baxter)**

41.  Baxter incorporates its responses the foregoing allegations as if fully restated herein.

42.  Paragraph 42 contains legal conclusions to which no response is required.  To the extent a response is required, Baxter denies the allegations in Paragraph 42.

43.  Paragraph 43 and subparagraphs 43(a) through (e) contains legal conclusions to which no response is required.  To the extent a response is required, Baxter denies the allegations in Paragraph 43 and subparagraphs 43(a) through (e).

44.  Paragraph 44 contains legal conclusions to which no response is required.  To the extent a response is required, Baxter denies the allegations in Paragraph 44.

**COUNT II**
**Willful and Wanton Conduct**
**(On Behalf of Plaintiff and Against Defendant Baxter)**

45.  Baxter incorporates its responses the foregoing allegations in the the Complaint as if fully restated herein.

46.  Paragraph 46 concerns allegations or claims dismissed by the Court, and therefore no response is required.  *See* ECF No. 47.  Paragraph 46 contains legal conclusions to which no response is required.  To the extent a response is required, Baxter denies the allegations in Paragraph 46.

47.   Paragraph 47 and subparagraphs 47(a) through (e) concern allegations or claims dismissed by the Court, and therefore no response is required.  *See* ECF No. 47.  Paragraph 47 and subparagraphs 47(a) through (e) contain legal conclusions to which no response is required.  To the extent a response is required, Baxter denies the allegations in Paragraph 47 and subparagraphs 47(a) through (e).

48.  Paragraph 48 concerns allegations or claims dismissed by the Court, and therefore no response is required.  *See* ECF No. 47.  Paragraph 48 contains legal conclusions to which no response is required.  To the extent a response is required, Baxter denies the allegations in Paragraph 48.

### COUNT III
**Nuisance**
**(On Behalf of Plaintiff and Against Defendant Baxter)**

49.  Baxter incorporates its responses the foregoing allegations as if fully restated herein.

50.  Paragraph 50 concerns allegations or claims dismissed by the Court, and therefore no response is required.  *See* ECF No. 47.  Paragraph 50 contains legal conclusions to which no response is required.  To the extent a response is required, Baxter denies the allegations in Paragraph 50.

51.  Paragraph 51 concerns allegations or claims dismissed by the Court, and therefore no response is required.  *See* ECF No. 47.  Paragraph 51 contains legal conclusions to which no response is required.  To the extent a response is required, Baxter denies the allegations in Paragraph 51.

52.  Paragraph 52 concerns allegations or claims dismissed by the Court, and therefore no response is required.  *See* ECF No. 47.  Paragraph 52 contains legal conclusions to which no response is required.  To the extent a response is required, Baxter denies the allegations in Paragraph 52.

53.  Paragraph 53 concerns allegations or claims dismissed by the Court, and therefore no response is required.  *See* ECF No. 47.  Paragraph 53 contains legal conclusions to which no response is required.  To the extent a response is required, Baxter denies the allegations in Paragraph 53.

54.  Paragraph 54 concerns allegations or claims dismissed by the Court, and therefore no response is required.  *See* ECF No. 47.  Paragraph 54 contains legal conclusions to which no response is required.  To the extent a response is required, Baxter denies the allegations in Paragraph 54.

55.  Paragraph 55 concerns allegations or claims dismissed by the Court, and therefore no response is required.  *See* ECF No. 47.  Paragraph 55 contains legal conclusions to which no response is required.  To the extent a response is required, Baxter denies the allegations in Paragraph 55.

56.  Paragraph 56 concerns allegations or claims dismissed by the Court, and therefore no response is required.  *See* ECF No. 47.  Paragraph 56 contains legal conclusions to which no response is required.  To the extent a response is required, Baxter denies the allegations in Paragraph 56.

57.  Paragraph 57 concerns allegations or claims dismissed by the Court, and therefore no response is required.  *See* ECF No. 47.  Paragraph 57 contains legal conclusions to which no response is required.  To the extent a response is required, Baxter denies the allegations in Paragraph 57.

58.  Paragraph 58 concerns allegations or claims dismissed by the Court, and therefore no response is required.  *See* ECF No. 47.  Paragraph 58 contains legal conclusions to which no

response is required.   To the extent a response is required, Baxter denies the allegations in Paragraph 58.

59.  Paragraph 59 concerns allegations or claims dismissed by the Court, and therefore no response is required.  *See* ECF No. 47.  Paragraph 59 contains legal conclusions to which no response is required.   To the extent a response is required, Baxter denies the allegations in Paragraph 59.

60.  Paragraph 60 concerns allegations or claims dismissed by the Court, and therefore no response is required.  *See* ECF No. 47.  To the extent a response is required, Baxter denies the allegations in Paragraph 60.

## COUNT IV
### Ultrahazardous Activity/Strict Liability
### (On Behalf of Plaintiff and Against Defendant Baxter)

61.  Baxter incorporates its responses the foregoing allegations in the Complaint as if fully restated herein.

62.  Paragraph 62 concerns allegations or claims dismissed by the Court, and therefore no response is required.  *See* ECF No. 47.  Paragraph 62 contains legal conclusions to which no response is required.   To the extent a response is required, Baxter denies the allegations in Paragraph 62.

63.  Paragraph 63 concerns allegations or claims dismissed by the Court, and therefore no response is required.  *See* ECF No. 47.  Paragraph 63 contains legal conclusions to which no response is required.   To the extent a response is required, Baxter denies the allegations in Paragraph 63.

64.  Paragraph 64 concerns allegations or claims dismissed by the Court, and therefore no response is required.  *See* ECF No. 47.  Paragraph 64 contains legal conclusions to which no

response is required.   To the extent a response is required, Baxter denies the allegations in Paragraph 64.

64.  Paragraph 65 concerns allegations or claims dismissed by the Court, and therefore no response is required.  *See* ECF No. 47.  Paragraph 65 contains legal conclusions to which no response is required.   To the extent a response is required, Baxter denies the allegations in Paragraph 65.

66.  Paragraph 66 concerns allegations or claims dismissed by the Court, and therefore no response is required.  *See* ECF No. 47.  Paragraph 66 contains legal conclusions to which no response is required.   To the extent a response is required, Baxter denies the allegations in Paragraph 66.

67.  Paragraph 67 concerns allegations or claims dismissed by the Court, and therefore no response is required.  *See* ECF No. 47.  Paragraph 67 contains legal conclusions to which no response is required.   To the extent a response is required, Baxter denies the allegations in Paragraph 67.

68.  Paragraph 68 concerns allegations or claims dismissed by the Court, and therefore no response is required.  *See* ECF No. 47.  Paragraph 68 contains legal conclusions to which no response is required.   To the extent a response is required, Baxter denies the allegations in Paragraph 68.

### PRAYER FOR RELIEF

**Answer**:  The Prayer for Relief characterizes Plaintiff's prayer for relief, and therefore does not require a response.  To the extent a response is required, Baxter denies the allegations in the Prayer for Relief and denies that any relief should be granted.

## JURY TRIAL

**Answer**:  Baxter admits that Plaintiff purports to demand a trial by jury.  To the extent the jury demand contains legal conclusions, no response is required.  To the extent a response is required, Baxter denies that Plaintiff has asserted any viable claims that would necessitate a trial by jury.

## AFFIRMATIVE DEFENSES

Baxter hereby asserts affirmative defenses to the allegations and claims in the Complaint. In asserting these defenses, Baxter does not assume the burden of proof with respect to any fact, issue, or element upon which applicable law puts the burden of proof upon Plaintiff.  Some of the following defenses may be elements of Plaintiff's claims on which Plaintiff bears the burden of proof, but Baxter pleads them as defenses out of an abundance of caution.  All affirmative defenses asserted herein are pleaded in the alternative and none constitutes an admission that Baxter is in any way liable to Plaintiff, that Plaintiff has been or will be injured in any way, that Plaintiff is relieved of its burden to prove each element of its claims and the damages or relief sought, or that Plaintiff is entitled to any relief whatsoever.  Baxter has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to assert and rely upon such other affirmative defenses as may become available or apparent during the course of its investigation, preparation, or discovery and to amend the Answer and affirmative defenses accordingly.

Subject to those limitations, Baxter hereby assert the following affirmative defenses to the Complaint:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff's claims are barred because the Complaint fails to state a claim upon which relief can be granted.  Among other deficiencies,

- Plaintiff fails to plead that either Baxter or anyone for whom Baxter was responsible owed Plaintiff a duty, including but not limited to the duty to go beyond compliance with federal, state, and local regulations of its EtO sterilization operations;

- Plaintiff fails to plead that Baxter owed a duty to warn Plaintiff of the alleged risks posed by EtO;

- To the extent any duty was owed to Plaintiff, Baxter did not breach that duty;

- Plaintiff fails to adequately allege a causal connection between EtO and Plaintiff's alleged injury; and

- Plaintiff fails to adequately allege a causal connection between EtO emitted by Baxter and Plaintiff's alleged injury.

## SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations and/or statute(s) of repose, including but not limited to the three-year statute of limitations contained in Ark. Code Ann. § 16-56-105 and the two-year statute of limitations contained in 735 Ill. Comp. Stat. 5/13-202.  This Court has held that under both Arkansas and Illinois law, Plaintiff's cause of action accrued when "she discovered, or reasonably should have known, that her cancer might be the result of Baxter's allegedly tortious EtO emissions."  ECF No. 47 at 9–11.  Plaintiff alleges that she was diagnosed with cancer in 2008, that EtO has been "widely known" as a carcinogen since at least the 1980s, and that Baxter was emitting EtO since 1978.  Compl. ¶¶ 12, 15, 39.  Because Plaintiff contends that the dangers of EtO were "widely known for decades" and "well documented," Plaintiff reasonably should have known that her alleged injuries might be the result of Baxter's EtO emissions within the relevant limitations period.  *See, e.g.*, Compl. ¶¶ 2, 12, 15–22, 32, 34, 39.

### THIRD AFFIRMATIVE DEFENSE
### (No Duty)

Baxter did not owe a duty of care to Plaintiff, including any duty to go beyond compliance with federal, state, and local regulations of its EtO sterilization operations.  At all pertinent times, Baxter acted reasonably and prudently under the circumstances, and its conduct complied with all industry standards, as well as federal and state regulations, thereby discharging any duty allegedly owed to Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE
### (No Causation / Intervening or Superseding Cause)

Plaintiff's claims are barred because Plaintiff's alleged injuries and damages were not legally or proximately caused by any acts or omissions by Baxter and/or were caused, if at all, by the conduct of Plaintiff and/or third parties over which Baxter had no authority or control.  The alleged injuries and damages incurred by Plaintiff occurred as a result of other events, including, but not limited to, factors affecting Plaintiff's pre-existing medical conditions, genetic conditions, and/or acts of God, which are completely unrelated to any acts or omissions on the part of Baxter. Baxter cannot be held liable for loss or damage caused by such independent persons or entities, whether or not they are parties to this action, nor by other events unrelated to Baxter.  Absent causation, Plaintiff's claims cannot be sustained as a matter of law under the laws and common law of Arkansas and would also violate Baxter's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution. *See Philip Morris USA v. Williams*, 549 U.S. 346, 353 (2007); *see also Paroline v. United States*, 572 U.S. 434, 454–55 (2014); Restatement (Second) of Torts § 430 (1965).

Plaintiff also cannot show a causal connection between EtO and Plaintiff's alleged injury. Plaintiff cannot establish that exposure to any level of EtO causes breast cancer, or that she has been exposed to a dose of ethylene oxide emitted by Baxter at or above that level. *See Wright v.*

*Willamette Indus., Inc.*, 91 F.3d 1105, 1106-07 (8th Cir. 1996) (applying Arkansas law); *Nat'l Bank of Commerce v. Associated Milk Producers, Inc.*, 22 F. Supp. 2d 942, 961-62 (E.D. Ark. 1998) (applying Arkansas law), *aff'd*, 191 F.3d 858 (8th Cir. 1999).

Nor can Plaintiff show that the EtO emitted by Baxter's Mountain Home facility caused Plaintiff's alleged injury.  EtO is a byproduct of the combustion of hydrocarbon fuels and therefore a component of vehicle exhaust, including automobile exhaust.  EtO is present in directly-inhaled and second-hand tobacco smoke.  EtO is also produced naturally by the degradation of ethylene in the environment and produced naturally by the human body when ethylene is metabolized.

## FIFTH AFFIRMATIVE DEFENSE
### (Third-Party Actions)

Plaintiff's claims against Baxter are barred to the extent that any rely on or implicate the negligent, intentional, and/or otherwise unlawful acts or omissions of third parties that are not subject to Baxter's control or authority and for which Baxter is not responsible and cannot be held liable.  These include, but are not limited to other companies and persons who emitted EtO, including other industrial sources; exhaust from the combustion of hydrocarbon fuels, including from automobiles; and the natural metabolism of ethylene in the environment.  Baxter's liability, if any, therefore must be reduced or negated to the extent that third parties have contributed to, or caused, Plaintiff's injuries.  Moreover, any imposition of liability, damages, penalties, or other relief against Baxter for the negligent, intentional, and/or other acts or omissions of parties or third parties not subject to Baxter's control or authorities would violate Baxter's procedural and substantive due process rights under the Fifth and Fourteenth Amendments to the U.S. Constitution and/or Article II, Sections 8 and 21 of the Arkansas Constitution.  Plaintiff is not entitled to recover any damages or other relief from Baxter to the extent that Plaintiff's injuries were caused by the acts of third parties.

## SIXTH AFFIRMATIVE DEFENSE
### (Assumption of Risk / Contributory Negligence / Comparative Negligence)

Plaintiff's claims are barred and/or reduced by the assumption of risk, contributory or comparative negligence, contributory or comparative fault, and proportionate responsibility. Plaintiff alleges that the health effects of ethylene oxide were "widely known for decades" and "well documented." *See, e.g.*, Compl. ¶¶ 2, 12, 15–22, 32, 34, 39. Thus, under Plaintiff's theory, Plaintiff knew or should have known of the alleged "widely known" and "well documented" risks associated with EtO. Yet, in spite of Plaintiff's actual or constructive knowledge of these risks, Plaintiff failed to take steps to protect herself from them. As a direct and proximate result of one or more of her own negligent acts and/or omissions as set forth above, Plaintiff was allegedly injured. In the event Plaintiff's negligence contributed to her own alleged injuries and alleged damages in an amount of fifty-one percent (51%) or more, judgment should be entered in favor of the Baxter on Plaintiff's claims. In the alternative, in the event that Plaintiff's negligence contributed to her own alleged injuries and alleged damages in an amount less than fifty-one percent (51%), any recovery by or on behalf of Plaintiff should be reduced by an amount equal to the share of the injuries and damages attributable to the negligence of Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Monitor or Mitigate)

Plaintiff's claims are barred to the extent Plaintiff has failed to take appropriate and necessary steps to mitigate her damages, if any. At all relevant times, Plaintiff had a duty to take reasonable action to minimize damages sustained as a result of the conduct alleged in the Complaint. Plaintiff is therefore barred from recovering any damages that might reasonably have been avoided.

## EIGHTH AFFIRMATIVE DEFENSE
### (Statutory / Common Law Damages Limitations)

Plaintiff's claims are barred, reduced, and/or limited pursuant to applicable statutory and common law regarding limitations of awards, caps on recovery, and setoffs.  Baxter is entitled to a credit, set-off, or offset for all sums of money received or available from or on behalf of any other individual or other entity for the same injuries alleged in the Complaint, including but not limited to any and all settlements Plaintiff may reach.  Any verdict or judgment that might be recovered by Plaintiff must be reduced by those amounts that have already or will in the future, with reasonable certainty, indemnify the Plaintiff in whole or in part for any past or future claimed economic loss from any collateral source such as insurance, social security, workers' compensation, or employee benefit programs.

## NINTH AFFIRMATIVE DEFENSE
### (Outside the Scope of Agency or Employment)

To the extent any agents, employees, or contractors of Baxter caused any of the damages alleged by Plaintiff, such agents, employees, or contractors were acting outside the scope of the agency employment, or contract with Baxter, and any recovery against Baxter must be reduced by the proportionate fault of such agents, employees, or contractors.

## TENTH AFFIRMATIVE DEFENSE
### (Punitive Damages Unconstitutional)

Plaintiff seeks the recovery of punitive damages from Baxter for, *inter alia*, alleged negligence.  Compl. at Prayer for Relief ¶ b.  Plaintiff's punitive damages claims against Baxter:

a.      have no basis in law or fact;

b.      are not recoverable because the Complaint's allegations of fact are legally insufficient to support or allow the imposition of punitive damages consistent with the United States Constitution or Arkansas law;

c.      cannot be sustained because the laws setting forth the standard(s) for determining liability for, and the amount(s) of, punitive damages fail to give Baxter prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed, and are void for vagueness in violation of Baxter's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article II, Sections 8 and 21 of the Arkansas Constitution;

d.      cannot be sustained because subjecting Baxter to punitive damages that are penal in nature without the same protections accorded to criminal defendants would violate Baxter's rights guaranteed without limitation by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article II, Sections 8, 9, 15, and 21 of the Arkansas Constitution and would be improper under the laws and common law of Arkansas;

e.      are not recoverable to the extent the jury is not adequately instructed on the limits of punitive damages set by the applicable principles of deference and punishment;

f.      are not recoverable to the extent the jury is not expressly prohibited from awarding or calculating punitive damages based, in whole or in part, on invidiously discriminatory characteristics, including without limitation the residence, financial condition, and corporate state of Baxter;

g.      are not recoverable to the extent the jury is permitted to award punitive damages under a standard that is vague and arbitrary or does not define with sufficient clarity the conduct or mental state permitting the imposition of punitive damages; or

h.      are not recoverable to the extent the jury is not properly instructed regarding Plaintiff's burden of proof with respect to each and every element of a claim for punitive damages.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Principles of Equity)

Plaintiff's claims for injunctive relief, declaratory relief, or other equitable remedies are barred because of Baxter's good-faith reliance on and interpretation of EPA and Arkansas DEQ rules, regulations, and permits; the absence of any intentional unlawful conduct; the course of Plaintiff's investigation and pursuit of these claims; and the good-faith reliance on guidance published by the EPA and Arkansas DEQ.  Plaintiff is not entitled to equitable relief because she has an adequate remedy at law and cannot otherwise satisfy the elements for equitable relief.

## TWELFTH AFFIRMATIVE DEFENSE
### (Laches / Waiver / Equitable Estoppel)

Plaintiff's claims for injunctive or other equitable relief are barred by the doctrines of laches, waiver, and/or equitable estoppel.  Plaintiff complains of injuries and conduct that predate the commencement of this action by over a decade.  *See, e.g.*, Compl. ¶¶ 37–39 (alleging that Plaintiff was exposed to allegedly dangerous levels of EtO from at least 1978 until her diagnosis in 2008).  Plaintiff's failure to exercise diligence in bringing this action has prejudiced Baxter by depriving it the opportunity to alter its practices, if necessary.  As a matter of equity, therefore, the doctrine of laches, waiver, and/or equitable estoppel bar Plaintiff from recovering on her claims.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Should discovery show that Plaintiff or her agents acted inequitably in responding to Baxter's alleged harms, such conduct should be taken into account in assessing Plaintiff's claims and whether, and to what extent, Plaintiff is entitled to relief in this action.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Relief Unavailable)

Plaintiff's claim for attorney's fees is barred because attorney's fees are not permitted for Plaintiff's claims under Arkansas law.

## <u>BAXTER'S PRAYER FOR RELIEF</u>

**WHEREFORE**, Baxter respectfully prays:

1. The Court enter judgment in favor of Baxter on all claims alleged in the Complaint,

2. That Plaintiff take nothing in this action,

3. For attorneys' fees and costs of suit incurred in this action, and,

4. For such other and further relief as the Court may deem just and proper.

Dated:  August 2, 2021

Respectfully submitted,

Marshall S. Ney, AR Bar 91108
FRIDAY, ELDREDGE & CLARK, LLP
3350 South Pinnacle Hills Parkway, Suite 301
Rogers, Arkansas 72758
Telephone:  (479) 695-6049
Facsimile:  (501) 244-5389
Email:  mney@fridayfirm.com

AND

KIRKLAND & ELLIS, LLP
Bradley H. Weidenhammer, P.C.(*pro hac vice*)
Howard Kaplan (*pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:    (312) 862-2200
Email:  bweidenhammer@kirkland.com
Email:  howard.kaplan@kirkland.com

***Attorneys for Baxter Healthcare Corp.***